UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JMHC, INC.                                                                                    Case No. 14-51275
FDBA JOHNSON-MATHER HEALTH CARE, INC.;
AKA NICHOLAS COUNTY HOSPITAL
Debtor

### MOTION OF J. JAMES ROGAN, TRUSTEE, FOR ABANDONMENT AND DISPOSAL OF PATIENT RECORDS AND NOTICE OF HEARING

Comes, J. James Rogan (hereinafter "Trustee"), the Chapter 7 Trustee for JMHC, Inc., FBDA Johnson-Mather Health Care, Inc.; AKA Nicholas County Hospital (hereinafter "Debtor"), and moves this Honorable Court for authorization to abandon and destroy patient medical records after November 4, 2015 as follows:

A.    To destroy all paper patient records stored at Kentucky Underground Storage, Inc., 3830 High Bridge Road, Wilmore, Kentucky 40390 for patients who were discharged from Debtor prior to November 4, 2010.

B.    To destroy all paper patient records stored at the former business premises of Debtor at 2325 Concrete Road, Carlisle, Kentucky 40311 for patients who were discharged from Debtor beginning on January 1, 2006 through June 30, 2012.

C.    To destroy all computer digital patient records stored on the computer server located at the former business premises of Debtor at 2325 Concrete Road, Carlisle, Kentucky 40311 for patients who were discharged on or after July 1, 2013, with the destruction being held in abeyance until January 2, 2017.

In support thereof the Trustee represents as follows:

1. On May 21, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. Prior to seeking relief, Debtor operated an eleven bed hospital in Carlisle, Kentucky primarily serving residents of Nicholas County, Kentucky.

2. The Movant, J. James Rogan was duly appointed the Chapter 7 Trustee to administer the Debtor's estate.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 351, and 554, and Bankruptcy Rule 6011.

4. The Debtor is a health care business as the term is defined under Section 101 (27A) of the Bankruptcy Code. *See e.g., In re Medical Associates of Pinellas, LLC,* 360 B.R. 356 (Bankr. M.D. Fla. 2007) (identifying factors for determining whether a debtor is a health care business).

5. The Debtor conducted its health care business in a building leased to Debtor by the Nicholas County Fiscal Court located at 2325 Concrete Road, Carlisle, Kentucky 40311. The Trustee has removed, destroyed or sold all equipment and non medical records from the leased premises and has turned over occupancy of the leased premises to the Nicholas County Fiscal Court. The Nicholas County Fiscal Court has leased 2325 Concrete Road, Carlisle, Kentucky 40311 to a new tenant.

6. Debtor has maintained and stored patient records, at its former leased premises, within the meaning of Section 101 (40B) of the Bankruptcy Code, in computer digital form since July 1, 2012, and in paper form from January 1, 2006 through June 30, 2012. These records are still located on the former leased premises at 2325 Concrete Road, Carlisle, Kentucky 40311.

7. Debtor transferred patient medical records for storage beginning December 23, 1997 through November 30, 2012 to Kentucky Underground Storage, Inc., 3830 High Bridge

Road, Wilmore, Kentucky 40390, where the records are currently being stored.

8. Pursuant to Section 351 of the Bankruptcy Code, if a health care business commences a case under Chapter 7 of the Bankruptcy Code, and the Trustee does not have a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable Federal or State law, the Trustee is to dispose of such patient records by destroying the patient records.

9. Section 351 of the Bankruptcy Code sets forth the procedure and manner in which the Trustee is to dispose of patient records, which includes the storage of such patient records for a 365-day period after publishing notice in one (1) or more appropriate newspapers.

10. That on August 13, 2014 and August 20, 2014, the Trustee published a notice in the local newspaper, The Carlisle Courier, 115 S. Locust Street, Carlisle, Kentucky 40311, informing former patients of Debtor of procedures established by the Trustee for former patients to obtain copies of medical records. Pursuant to said notices, 162 former patients obtained copies of medical records. The Trustee also furnished copies of mammograms films upon request until the Trustee transferred the mammogram films to Harrison Memorial Hospital.[1]

11. Other than mammogram films, the Trustee's ability to retrieve patient medical records, either from digital computer records or from the paper records currently stored at the former leased premises of 2325 Concrete Road, Carlisle, Kentucky 40311, was dependent on medical software Debtor leased from Healthland, [see Proof of Claim No. 21].

12. Healthland was willing to enter into a three month lease with the Trustee for use of its medical software for $50,000.00.

___

[1] See [Docket #196] authorizing transfer of possession of mammogram films to Harrison Memorial Hospital.

13. The bankruptcy estate did not have $50,000.00 from sale of unencumbered estate assets to enable the Trustee to enter into a three month lease. On or about September 3, 2014, Healthland terminated Debtor's (now Trustee's) use of its software for non-payment of $263,886.41 owed by Debtor.

14. Prior to termination of the use of Healthland software and in addition to the 162 former patients that obtained medical records pursuant to the Trustee's August 2014 newspaper notices, the Trustee furnished copies of medical records to 45 former patients or attorneys representing former patients in litigation.

15. After September 3, 2014, the Trustee did not have the ability to access digital patient records maintained on the computer server nor to make copies of paper medical records. Each paper patient file was assigned a number by the Healthland software and is filed by that number, not by patient name. The Trustee estimates there are approximately 1,500 paper patient files currently stored at 2325 Concrete Road, Carlisle, Kentucky 40311. In order to retrieve one patient file, it would require a search through every file until the patient's name is located. The bankruptcy estate does not have funds to employ a person to search for paper patient files.

16. Subsequent to the September 3, 2014 termination of use of Healthland software, the Trustee has been unable to provide copies of patient records as requested by 10 former patients and 20 requests for records from attorneys representing former patients.

17. Pursuant to 902 KAR 20:016, §3(11)(a)(2) a hospital must maintain patient records for 5 years from date of discharge for adult patients and for minor patients, 5 years from date of discharge or 3 years after the minor patient reaches age of majority (21 years of age) whichever is longer.

18. There are patient records in paper form located at 2325 Concrete Road, Carlisle, Kentucky 40311 that must be maintained pursuant to 902 KAR 20:016, §3(11)(a)(2) until June 30, 2017.

19. There are patient records maintained in digital form located at 2325 Concrete Road,

Carlisle, Kentucky 40311 that must be maintained pursuant to 902 KAR 20:016, §3(11)(a)(2) until May 21, 2019. The Trustee will maintain the computer server which stores the patient records in a secured room at 2325 Concrete Road, Carlisle, Kentucky 40311 until December 31, 2016. After said date, the Trustee will destroy the computer server.

20. The bankruptcy estate does not have sufficient funds to remove the paper files located at 2325 Concrete Road, Carlisle, Kentucky 40311 and move to another location for storage. Nor does the bankruptcy estate have funds to pay for storage. The bankruptcy estate does not have funds to access the patient files in digital form stored on the computer servers located at 2325 Concrete Road, Carlisle, Kentucky 40311. The Trustee has been unable to find another medical facility to take possession of paper patient files or the computer server that maintains the digital files.

21. The Trustee believes that the shortened 365 days storage requirement under 11 U.S.C. §351 preempts Kentucky Administrative Regulation pertaining to maintaining patient records and permits the Trustee to abandon and destroy all patient medical records older than 5 years prior to discharge or all patient records less than 5 years after discharge.

22. That on September 3, 2015, the Trustee mailed a letter by certified mail to Ms. Sylvia Mathews Burwell, Secretary of the U.S. Department of Health & Human Services required by 11 U.S.C. §351(2) requesting permission of the U.S. Department of Health & Human Services for the Trustee to deposit the patient records with said agency within 60 days of September 3, 2015.

23. Pursuant to Section 503(b)(8)(A) of the Bankruptcy Code, the actual, necessary costs and expenses incurred in disposing of patient records in accordance with Section 351 of the Bankruptcy Code are entitled to an administrative expense claim.

24. It is further believed that Section 351 of the Bankruptcy Code is purposely designed to limit excessive administrative costs incurred by the bankruptcy estate in storing patient records no greater than a 365-day period.

25. In addition to the procedures outlined in Section 351(a) of the Bankruptcy Code, Bankruptcy Rule 6011 adds further clarification requiring (1) notice by publication, (2) notice by mail to patients and their relatives, (3) the trustee to keep proof of mailing for a reasonable time, and (4) the filing of a report of destruction.

26. The Trustee is utilizing this approach given the closest Bankruptcy Code provision that relates to the disposal of bankruptcy estate property is abandonment under Section 554 of the Bankruptcy Code. *See e.g., In re LLSS Mgmt Co.,* 2008 Bankr. LEXIS 607, 2008 WL 395184 (Bankr. E.D.N.C. Feb. 11, 2008) (authorized procedures for disposing of patient records); *see also* 3-351 *Collier on Bankruptcy* P. 351.03, Matthew Bender & Company, Inc., 16th ed. (2012).

27. Pursuant to Bankruptcy Rule 6007(a), the Trustee will give notice to former patients of Debtor of the proposed abandonment and disposition of patient records by publication in The Carlisle Courier with at least 14 days notice prior to hearing date of October 22, 2015.

28. Pursuant to 11 U.S.C. §105(a), this Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title.

29. Establishing the procedures for the disposal of patient records in accordance with Section 351 of the Bankruptcy Code is necessary to carry out the provisions of this Title to ensure the proper disposal of patient records in a Chapter 7 liquidation bankruptcy case and to avoid the imposition of additional administrative burdens to comply with any applicable non-bankruptcy law regarding the storage of patient records. *See also* 3-351 *Collier on Bankruptcy* P. 351.03, Matthew Bender & Company, Inc., 16th ed. (2012).

30. The procedures the Trustee seeks to utilize under Section 351 of the Bankruptcy Code should not prohibit the Trustee from subsequently seeking the transfer of patient records to any other entity/agency who is capable of disposing of patient records under either bankruptcy law or applicable non-bankruptcy law in order to decrease administrative costs incurred by the Estate in the disposal of

patient records.

31. The Trustee has included all entities in the certificate of service that may have any claim dependent upon patient records.

### NOTICE OF HEARING

All parties will take notice that the Trustee will bring on for hearing the foregoing motion in the U.S. Bankruptcy Courtroom, Second Floor, 100 East Vine Street, Lexington, Kentucky 40507 on October 22, 2015 at 9:00 a.m. or as soon thereafter as the trustee may be heard.

Respectfully submitted,

/s/ J. James Rogan
J. James Rogan, Trustee
345 South Fourth Street
Danville, Kentucky 40422
(859) 236-8121

CERTIFICATE OF SERVICE:

This is to certify that on September 8, 2015, a copy of the foregoing motion was served electronically to all parties entitled to electronic notice of pleadings by the court's ECF system, by publication to former patients in The Carlisle Courier, and by U.S. Mail, postage prepaid to the following:

Matthew Kleinert, Assistant Counsel
Commonwealth of Kentucky
Cabinet for Health and Family Services
275 E. Main Street, 5W-B
Frankfort, KY 40621-0001

Ms. Sylvia Mathews Burwell, Secretary
U.S. Department of Health & Human Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

Judge Mike Pryor
Nicholas County Judge Executive
125 E. Main Street, #1
Carlisle, KY 40311

Mr. Paul Baker
Paul Baker Law Office
P. O. Drawer 940
Barbourville, KY 40906

Mr. Gary Platton, Paralegal
Ulmer and Berne
600 Vine Street, Suite 2800
Cincinnati, OH 45206

Mr. William G. Knoebel
Knoebel & Vice, PLLC
P.O. Box 96
Florence, KY 41022

Mr. R. Stephen Burke
Dressman Benzinger LaVelle, PSC
207 Thomas More Pkwy.
Crestview Hills, KY 41017

Shelter Insurance
111 East Pike
Cynthiana, KY 41031

Mr. Robert H. Cornett, Esq.
112 N. Court Street
Georgetown, KY 40324

Ms. Wayla D. Todd
Becker Law Office
1344 South Broadway
Lexington, KY 40504

Erin Cahill
Gallagher Bassett Services, Inc.
P.O. Box 6928
Louisville, KY 40206

Mr. Gregory Ward
501 Darby Creek Road, Suite #13
Lexington, KY 40509

Ms. Jenn Redmon
Kentucky Farm Bureau Insurance

P.O. Box 20600
Louisville, KY 40250
Ms. Heather Robinson/SM
Claims Examiner
Kentucky Employer's Mutual Insurance
250 West Main Street, Suite 900
Lexington, KY 40507

Ilker H. Onen, Case Manager
Kentucky Center for Restorative Justice
501 West Sixth Street, Suite 250
Lexington, KY 40508

Lynn Garrison-Buck
Walters Meadows Richardson, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503

Ms. Carie Richmond
White Peck Carrington
P.O. Box 950
Mount Sterling, KY 40353

CoventryCares of Kentucky
P.O. Box 7812
London, KY 40742

Wellcare of Kentucky
P.O. Box 31372
Tampa, FL 33631

Anthem Blue Cross
P.O. Box 37690
Louisville, KY 40233-7690

Humana Choice PPO
P.O. Box 14601
Lexington, KY 40512

Passport Health Plan
P.O. Box 7114
London, KY 40742

Jeff Baier
Kentucky Underground Storage, Inc.
3830 High Bridge Road
Wilmore, Kentucky 40390